

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 14, 1968

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. M- 268

Re: Whether an independent school district is authorized to accept, and supplement by an issuance of tax supported bonds or available maintenance funds, a grant from the Economic Development Administration for the construction of an assembly hall and related facilities.

Dear Dr. Edgar:

By recent letter and accompanying correspondence, you have requested an opinion concerning the above stated matter. We quote from your letter as follows:

"...

"The Board of Trustees of the Rio Grande City Independent School District has asked me to obtain an opinion from your office on the following questions:

"1. Is a school district (Rio Grande City I.S.D.) authorized to accept a grant under E.D.A. (Act of 1965, P.L. 89-136) and issue, if voted, school district bonds necessary to supplement or match funds needed to construct the facility or project proposed thereunder?

"2. In the event question 1 is answered in the negative, may the district legally use other available local maintenance funds necessary to negotiate in the proposed project?"

The proposed facility or project in question is outlined in a letter to the Education Agency from the school district,

-1304-

dated March 19, 1968, and is included in the correspondence attached to the opinion request. We quote from the letter as follows:

> ". . .
>
> "The facility to be constructed with EDA and school funds is a large building surrounded by recreational and parking areas. The building will contain one assembly hall seating 1,000 persons, a library, classrooms, offices, health clinic and a kitchen. Since our auditorium recently burned, we badly need this building. Surrounding the building will be two baseball diamonds, a parking lot, tennis court, a swimming pool and various game installations. This facility is badly needed to improve the educational opportunities offered our students."

Your first question asks whether the proposed project is one for which the school district could legally issue tax supported bonds to supplement a federal grant.

Answer to this question depends on whether the project is one which is within the authority conferred on the school district by Articles 2784e or 2784e-1 of Vernon's Civil Statutes.

Section 2 of Article 2784e is quoted as follows:

> ". . .
>
> "2. In common school and independent districts, rural high school districts, and all other school districts, for the purchase, construction, repair or equipment of public free school buildings within the limits of such districts and the purchase of the necessary sites therefor, a tax not to exceed Fifty (50¢) Cents on the One Hundred ($100.00) Dollars valuation such tax to be for the payment of the current interest on and provide a sinking fund sufficient to pay the principal of bonds which said districts are empowered to issue for such purposes;"

Subsection 2 of Section 1 of Article 2784e-1 is quoted as follows:

". . .

"2. In common school and independent districts, rural high school districts, and all other school districts, for the purchase, construction, repair or equipment of public free school buildings, and the purchase of necessary sites therefor, said districts may issue bonds and may levy ad valorem taxes in an amount sufficient to pay the interest on and principal of all bonds issued for such purpose, provided that bonds shall never be issued by any district in an amount which would exceed ten per cent (10%) of the assessed value of taxable property in such school district, according to the then last completed and approved tax rolls of such district."

Articles 2784e and 2784e-1 are alternative methods of issuing school bonds. Attorney General Opinion Numbers S-171 (1955), M-212 (1968). However, the nature of the facilities upon which the bonds can be legally issued is the same under both statutes, to wit: purchase, construction, repair or equipment of public free school buildings, and sites therefor. (added by 2784e-1).

So, the issue is whether the project under consideration is a "public free school building or site for such building." Taxing power is strictly construed; the presumption being that the Legislature has granted in clear terms all it intended to grant. State v. Houston & T.C. Ry. Co., 209 S.W. 820 (Tex.Civ. App. 1919, no writ).

Based upon the facts submitted, it is our opinion that the project as a whole cannot be considered within the scope of Articles 2784e or 2784e-1. On the other hand, it seems clear that the building encompassing the assembly hall, classrooms, etc., is within the scope of said articles, and a bond issue for its construction would be proper.

Therefore, the answer to your first question is dependent upon the particular improvement and whether the same is clearly contemplated by the statutes authorizing the issuance of bonds and the levy of taxes in payment thereof.

Your second question necessitates an analysis of Article 2827, Vernon's Civil Statutes. This statute enumerates

the various purposes upon which school districts may expend
local tax money or money acquired from other local sources.

Section 2 of Article 2827 is quoted as follows:

"...

"2. Local school funds from district taxes,
tuition fees of pupils not entitled to free tuition
and other local sources may be used for the pur-
poses enumerated for State and county funds and
for purchasing appliances and supplies, for the
payment of insurance premiums, janitors and other
employes, for buying school sites, buying, build-
ing and repairing and renting school houses, and
for other purposes necessary in the conduct of
the public schools to be determined by the Board
of Trustees, the accounts and vouchers for county
districts to be approved by the county superinten-
dent; provided, that when the State available
school fund in any city or district is sufficient
to maintain the schools thereof in any year for at
least eight months, and leave a surplus, such
surplus may be expended for the purposes mentioned
herein." (Emphasis added.)

This office has held that the above underlined language
of Section 2 being a discretionary power of some latitude au-
thorized the Board of Trustees to expend local school tax money
to aid in operation of school lunchroom, Attorney General Opinion
Number M-127 (1967), and aid needy school children by providing
free lunches from the school cafeteria, Attorney General Opinion
Number C-601 (1966).

Both of the above opinions cite as authority the case
of Mosely v. City of Dallas, 17 S.W.2d 36 (Tex.Comm.App. 1929),
which holds that the public school system of Dallas had the dis-
cretionary authority to maintain a health program for its pupils
financed by local tax funds subject to Article 2827. This case
is discussed in detail in Opinion M-127 and you are referred to
that discussion.

Under the facts as submitted, it is our opinion that
the project in question could be financed with local school
funds, subject to the determination by the Board of Trustees
that such a project is necessary in the conduct of the public
school in question.

## S U M M A R Y

Articles 2784e and 2784e-1, Vernon's Civil Statutes, do not authorize issuance of bonds for the whole project as contemplated by the Rio Grande City Independent School District. However, the building encompassing an assembly hall, class-rooms, etc., could be financed by a bond issue under authority of said statutes.

The school district in question may legally use local maintenance funds under authority of Article 2827, Vernon's Civil Statutes, to match or supplement federal funds for the contemplated project if determined as necessary in the conduct of the public school.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Fainter
Tom Thurmond
Mark White
John Banks

A. J. CARUBBI, JR.
Executive Assistant